UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARKEL CURRY,

              Petitioner,

v.                                                   **DECISION and ORDER**
                                                                     03-CR-167S

UNITED STATES OF AMERICA,

              Respondent.

## I. INTRODUCTION

Currently before this Court is Petitioner Markel Curry's "Motion Under Post Conviction Relief Act or in the Alternative Writ for Habeas Corpus," which this Court previously recharacterized as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Docket Nos. 265, 266.) For the reasons that follow, Petitioner must be given the opportunity to withdraw his motion or to amend it.

## II. BACKGROUND

On January 29, 2007, Petitioner pleaded guilty to conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). (Docket No. 188.) This Court sentenced Petitioner on October 23, 2007, to, *inter alia*, a term of imprisonment of 300 months. (Docket No. 248.)

Petitioner filed a notice of appeal on October 31, 2007. (Docket No. 252.) The United States Court of Appeals for the Second Circuit summarily affirmed this Court's

judgment on January 7, 2009.[1] (Docket No. 262.)

On August 30, 2010, Petitioner, proceeding *pro se*, filed a "Motion Under Post Conviction Relief Act, or in the Alternative Writ for Habeas Corpus." (Docket No. 265.) On September 22, 2010, this Court issued a Decision and Order that (1) properly recharacterized Petitioner's motion as one to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and (2) directing the Government to, *inter alia*, respond to the allegations in Petitioner's petition. (Docket No. 266.)

In response to this Court's Decision and Order, Petitioner filed a document on October 4, 2010, entitled "Petitioner's Opposition to the District Courts Sua-Sponte, Recharacterization of Motion Under Post-Conviction Relief Act as a 2255 Motion." (Docket No. 267.) Therein, Petitioner plainly states his opposition to the recharacterization of his motion, claiming instead that he seeks relief under the Post-Conviction Relief Act[2] and pursuant to 28 U.S.C. § 2241.

### III. DISCUSSION

In Castro v. United States, the United States Supreme Court held that *pro se* petitioners are entitled to notice and warning before a court may recharacterize their submissions as a first motion seeking relief under 28 U.S.C. § 2255. 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003); see also Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). The Supreme Court requires the following procedure:

---

[1]Petitioner filed a separate notice of appeal pertaining to this Court's denial of his post-sentence motions seeking the release of grand jury materials. (Docket Nos. 256, 258, 261.) The Second Circuit denied Petitioner's appeal on August 7, 2009, for failure to pay the required docket fee. (Docket No. 264.)

[2] As the government noted in its response to Petitioner's motion (Docket No. 268), the "Post-Conviction Relief Act" Petitioner cites appears to refer to a Pennsylvania statute. 42 PA. CONS. STAT. § 9541 *et seq.*; Rompilla v. Beard, 545 U.S. 374 (2005).

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383.

This Court previously found it proper to recharacterize Petitioner's "Motion Under Post Conviction Relief Act, or in the Alternative Writ for Habeas Corpus" as a motion to vacate, set aside, or correct sentence under § 2255. (See Docket No. 266). This would be Petitioner's first § 2255 motion, but he does not agree to this recharacterization and, in fact, opposes it. Under Castro, he must therefore be permitted the opportunity to withdraw his motion or amend it.

Consequently, Petitioner is hereby afforded the opportunity to withdraw his motion or amend it to include all claims under § 2255 that he believes he has. Petitioner is warned that should he elect to proceed with his motion or amended motion, this Court will recharacterize it as a motion under § 2255 and, consequently, subsequent § 2255 motions will be subject to the "second or successive" restrictions on §2255 motions. See 28 U.S.C. § 2255(h).

### IV. CONCLUSION

Because Petitioner has not yet been afforded the opportunity to withdraw his recharacterized motion, this Court cannot proceed to the merits of his petition. Petitioner will therefore be granted a period of time within which to notify this Court whether he wishes to withdraw his motion, proceed with it as filed, or amend it. Should Petitioner elect to proceed with his motion as filed or file an amended motion, it will be recharacterized as

one seeking relief under § 2255.

## V. ORDERS

IT HEREBY IS ORDERED, that within **60 days** from the entry date of this Decision and Order, Petitioner shall do one of the following three things: (1) file a notice indicating that he wishes to withdraw his motion, (2) file a notice indicating that he wishes to proceed with his motion as filed, or (3) file an amended motion to include all claims he may have under § 2255.[3]

FURTHER, that Petitioner is advised that if he elects to proceed with his motion or an amended motion, this Court will recharacterize it as a motion seeking relief under § 2255.

FURTHER, that Petitioner is warned that should he elect to proceed with his motion or an amended motion, any subsequent § 2255 motions will be subject to the "second or successive" restrictions on § 2255 motions. See 28 U.S.C. § 2255(h).

SO ORDERED.

Dated:     April 28, 2015
           Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Senior United States District Judge

---

[3] This Court will resolve Petitioner's other pending motions (Docket Nos. 270, 271, 272), once Petitioner determines how he wishes to proceed.