UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARKEL CURRY,

              Petitioner,
v.                                                **DECISION and ORDER**
                                                                 03-CR-167S

UNITED STATES OF AMERICA,

              Respondent.

## I. INTRODUCTION

Before this Court is Petitioner Markel Curry's "Motion Under Post Conviction Relief Act or in the Alternative Writ for Habeas Corpus," which this Court has recharacterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Docket Nos. 265, 266.) For the reasons that follow, the petition is denied as untimely and Petitioner's pending motions are denied as moot.

## II. BACKGROUND

On January 29, 2007, Petitioner pleaded guilty to conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). (Docket No. 185.) This Court sentenced Petitioner on October 23, 2007, to, *inter alia*, a term of imprisonment of 300 months. (Docket No. 248.)

Petitioner filed a notice of appeal on October 31, 2007. (Docket No. 252.) The United States Court of Appeals for the Second Circuit summarily affirmed this Court's

1

judgment on January 7, 2009.[1]  (Docket No. 262.)

On August 27, 2010, Petitioner, proceeding *pro se*, filed a "Motion Under Post Conviction Relief Act, or in the Alternative Writ for Habeas Corpus."[2]  (Docket No. 265.) On September 22, 2010, this Court issued a Decision and Order that (1) properly recharacterized Petitioner's motion as one to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and (2) directing the Government to, *inter alia*, respond to the allegations in Petitioner's petition.  (Docket No. 266.)

In response to this Court's September 22, 2010 Decision and Order, Petitioner filed a document on October 4, 2010, entitled "Petitioner's Opposition to the District Courts Sua-Sponte, Recharacterization of Motion Under Post-Conviction Relief Act as a 2255 Motion." (Docket No. 267.)  Therein, Petitioner plainly stated his opposition to the recharacterization of his motion, claiming instead that he sought relief under the Post-Conviction Relief Act[3] and pursuant to 28 U.S.C. § 2241.

Because Petitioner opposed the recharacterization of his petition, this Court issued

---

[1] Petitioner filed a separate notice of appeal pertaining to this Court's denial of his post-sentence motions seeking the release of grand jury materials.  (Docket Nos. 256, 258, 261.)  The Second Circuit denied Petitioner's appeal on August 7, 2009, for failure to pay the required docket fee.  (Docket No. 264.) This was not Petitioner's direct appeal of his conviction and sentence.

[2] The entry date of the petition is August 30, 2010.  See Docket No. 265.  But it is well established that incarcerated pro se litigants are deemed to have filed their federal papers on the date the papers were handed to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  In the absence of evidence to the contrary, a federal court should assume that the application was delivered to the prison official on the date it was signed. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 1999).  Here, although Petitioner's signature at the end of his petition is undated, the proof of service he signed is dated August 27, 2010, which this Court assumes is the date Petitioner delivered his petition to prison officials for mailing.  See Docket No. 265, p. 14.

[3] As the government noted in its response to Petitioner's motion (Docket No. 268), the "Post-Conviction Relief Act" Petitioner cites appears to refer to a Pennsylvania statute. 42 PA. CONS. STAT. § 9541 *et seq.*; Rompilla v. Beard, 545 U.S. 374 (2005).

another Decision and Order on April 29, 2015, in which it warned Petitioner that recharacterization of his petition meant that any subsequent § 2255 motion would be subject to "second or successive" restrictions and further provided Petitioner the opportunity to withdraw or amend his petition, consistent with the procedure required by Castro v. United States, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). (Docket No. 273.)

In compliance with this Court's April 29, 2015 Decision and Order, Petitioner filed a response on June 22, 2015, entitled "Request to Recharacterize Petitioner's Motion under Post Conviction Relief Act or in the alternative Writ for Habeas Corpus to a 28 U.S.C. § 2255 Motion." (Docket No. 274.) Therein, Petitioner requests that this Court recharacterize his petition "into a 'normal' 'first' 28 U.S.C. § 2255 Motion," thereby confirming Petitioner's lack of objection to the recharacterization of his petition.

The petition is now properly before this Court.

### III. DISCUSSION

**A.    The Petition**

Twenty-eight U.S.C. § 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time allowed by law."

Rose v. United States, No. 13-CV-5885, 2013 WL 5303237, at *1 (S.D.N.Y. Sept. 20, 2013) (quoting Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2005)). A prisoner is entitled to a hearing on a motion filed under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Pham v. United States, 317 F.3d 178, 184-85 (2d Cir. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

Under § 2255(f)(1), a petition must be filed within one year of the date that the underlying conviction becomes final. When a defendant's direct appeal to the Court of Appeals is unsuccessful and he or she does not file a petition for writ of certiorari with the United States Supreme Court, "the judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay, 537 U.S. at 525, 532. The time to file a petition for writ of certiorari

expires 90 days after entry of the judgment or order sought to be reviewed, not from the issuance date of the mandate. Sup. Ct. R. 13 (1) and (3).

This Court entered Petitioner's judgment of conviction on October 31, 2007. (Docket No. 251.) Petitioner filed his notice of appeal to the Second Circuit on October 31, 2007. (Docket No. 252.) The Second Circuit summarily affirmed this Court's judgment on January 7, 2009. (Docket No. 262.) Petitioner did not file a writ of certiorari with the United States Supreme Court. The time to do so expired on April 7, 2009, 90 days after January 7, 2009. Petitioner therefore had one year from April 7, 2009, to file his § 2255 petition. Petitioner filed his petition on August 27, 2010, which is one year, four months, and 21 days after April 7, 2009. (Docket No. 265, p. 14.) The petition must therefore be dismissed as untimely.[4]

## B.     Certificate of Appealability

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. A

---

[4]Petitioner suggests that his petition is timely under 28 U.S.C. § 2255 (f)(4), because he did not discover the facts underlying his Brady claim involving the alleged criminal acts of undercover officer Alvaro Murillo until September 29, 2009. (Docket No. 269, p. 4.) The record reveals, however, that Petitioner knew of Murillo's alleged criminal conduct even before the trial began. See, e.g., Docket No. 166 (government motion in limine seeking to preclude evidence "that Alvaro Murillo is presently under investigation for potential criminal violations.") Subsection (f)(4) of 28 U.S.C. § 2255 therefore does not save Petitioner's untimely petition.

5

certificate of appealability will therefore not be issued.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is denied as moot. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 265) is DISMISSED as untimely.

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, under 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that Petitioner's pending motions at Docket Nos. 270, 271, and 272, are DENIED as moot.

FURTHER, that the Clerk of Court is directed to CLOSE 10-CV-717S.

SO ORDERED.


Dated:     August 24, 2015
           Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge