UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                               **DECISION AND ORDER**
                                                             03-CR-167S (1)

MARKEL CURRY,

                          Defendant.

## I. INTRODUCTION

Presently before this Court is pro se Defendant Markel Curry's "Motion to Reinstate Petition for Compassionate Release and Reduction of Sentence under the First Step Act of 2018," which the government opposes. For the reasons discussed below, Curry's motion is denied.

## II. BACKGROUND

On January 29, 2007, Curry pleaded guilty to engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (a), for which the statutory penalties were a minimum sentence of 240 months' imprisonment and a maximum sentence of life imprisonment. See Docket Nos. 186, 188. The plea agreement contemplated a Guidelines sentencing range of 262 to 327 months' imprisonment and contained a Rule 11 (c)(1)(C) sentencing provision capping Curry's sentencing exposure at 360 months' imprisonment. See Plea Agreement, Docket No. 186, ¶¶ 10, 11 (b).

On October 23, 2007, this Court sentenced Curry to 300 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees, or costs. See Docket Nos. 248, 251. Curry is presently serving his sentence at FTC Oklahoma City,

1

with a release date of December 31, 2024.[1]

On May 4, 2020, Curry filed a motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i). See Docket No. 295. At the time, Curry was housed at FCI Bennettsville, and his motion was premised on his general fears of contracting COVID-19. Id. After the government opposed his motion, Curry moved to withdraw it without explanation, which this Court granted on June 24, 2020. See Docket Nos. 298, 301, 302.

More than one year later, on September 13, 2021, Curry filed the instant "Motion to Reinstate Petition for Compassionate Release and Reduction of Sentence under the First Step Act of 2018." See Docket No. 304. After this Court denied Curry's request to reinstate his previous motion,[2] the government filed its response in opposition, and Curry filed his reply. See Docket Nos. 305-307.

Curry presently seeks two forms of relief. First, he seeks compassionate release (sentence reduction) under 18 U.S.C. § 3582 (c)(1)(A)(i) on the grounds that (1) he may possibly contract COVID-19 while incarcerated, (2) he would face a lower sentence if sentenced today, (3) he has served a considerable portion of his sentence, (4) he is 50 years old and presents a reduced risk of recidivism, and (5) he has completed education programs while incarcerated. See Docket No. 304, pp. 11, 12, 17. Second, Curry seeks a sentence reduction under Section 404 of the First Step Act of 2018. For the reasons that follow, both requests for relief are denied.

---

[1] See https://www.bop.gov/inmateloc/ (last visited November 8, 2021).

[2] Despite denying his request for reinstatement, this Court will construe Curry's present motion to include the argument raised in his previous motion—that a sentence reduction is warranted due to Curry's general fear of contracting COVID-19 while incarcerated.

2

## III. DISCUSSION

**A.  Curry's request for compassionate release (sentence reduction) under 18 U.S.C. § 3582 (c)(1)(A)(i) is denied.**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[3] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute.  See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020).  A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2)

---

[3] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government. See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam). If invoked, however, the exhaustion requirement must be enforced because it is a *mandatory* claim-processing rule. See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [4] or (2) 30 days lapse from the date the warden

---

[4] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel. Id. § 542.15 (a). A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

of the defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13, Application Notes.  Notably, however, the Second Circuit has held that U.S.S.G. § 1B1.13 no longer constrains a district court's consideration of what qualifies as extraordinary and compelling reasons for compassionate release because "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.  Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  United States v. Brooker, 976 F.3d 228, 234-37 (2d Cir. 2020); see also United States v. Jones, 17 CR 214 (CM), 2021 WL 4120622, at *1-2 (S.D.N.Y. Sept. 9, 2021).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the

---

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

>  (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
>  (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
>  (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
>  (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 448 F. Supp. 3d at 186.

**1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

Here, the record reflects that Curry has exhausted his administrative rights, and the government does not contend otherwise. See Docket No. 304, pp. 27-41 (containing Curry's administrative exhaustion records). This Court therefore finds that exhaustion is

6

complete.

### 2. Extraordinary and Compelling Reasons for Sentence Reduction

Curry first contends that the ongoing COVID-19 pandemic constitutes an extraordinary and compelling reason for a sentence reduction.[5] While the risks associated with the pandemic have surely warranted release in many cases, they do not here, where Curry identifies no medical or institutional conditions that place him at increased risk of serious illness from COVID-19.[6] Instead, Curry simply alleges a generalized fear of a continuing danger posed by COVID-19, which does not constitute an extraordinary and compelling reason for compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the

---

[5] This is the argument contained in Curry's previous motion for compassionate release. See Docket No. 295.

[6] In addition to failing to identify any medical or institutional conditions that place him at increased risk of serious illness from COVID-19, this Court notes that Curry admits to being fully vaccinated, see Docket No. 307, p. 3, which further decreases his chances of serious illness. See United States v. Rudkin, Crim. No. 3:08-cr-177 (AWT), 2021 WL 2109182, at *1 (D. Conn. May 25, 2021) (finding "the fact that the defendant has been vaccinated means that his medical conditions no longer support a conclusion that the more severe illness or death from COVID-19 presents an extraordinary and compelling reason warranting reduction of his sentence"); United States v. Hines, 17-CR-364-2 (CS), 2021 WL 2077982, at *2 (S.D.N.Y. May 24, 2021) (finding that inoculation weighs against a finding of extraordinary and compelling reasons for a sentence reduction based on medical conditions).

disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19); United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020).

Curry next argues that unspecified changes in sentencing law constitute extraordinary and compelling reasons for a sentence reduction. Although his argument is somewhat unclear, Curry appears to believe that a sentence of 240 months' imprisonment for his crime of conviction was precluded at the time of his sentencing but is now available. See Docket No. 304, p. 11 ("Thus, under today's law, [Curry] could be sentenced to 20 years, rather than life (he was facing).") This is incorrect. A 240-month sentence was the statutory minimum sentence at the time this Court sentenced Curry and was a sentence that could have been imposed. Upon consideration of all relevant factors, however, this Court determined that a sentence of 300 months' imprisonment was fair, just, and reasonable. Consequently, this argument does not constitute an extraordinary and compelling reason for a sentence reduction.

Curry next argues that compassionate release is warranted because he has served a significant portion of his sentence—about 220 of 300 months. Service of a sentence alone, however, does not constitute an extraordinary and compelling reason for a sentence reduction. See United States v. Johnson, 18-CR-907-PAC-2, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("The fact that Johnson has served most of his sentence and is scheduled to be released in less than three months is not an extraordinary and compelling reason for a sentence reduction in this case, either.");

United States v. Aswat, 04 Cr. 356, 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021) (finding service of approximately 90% of sentence not extraordinary and compelling). Here, Curry's service of his sentence is not a compelling reason for a sentence reduction.

Next, Curry argues that his age (50) and attendant reduction in risk of recidivism warrants relief. There is, however, nothing remarkable about Curry's age or the general notion that an individual's risk of recidivism may decrease with age, and certainly nothing extraordinary and compelling warranting a sentence reduction.

Finally, Curry argues that compassionate release is warranted because he has bettered himself while incarcerated by taking education courses. Rehabilitation efforts alone, however, cannot be considered an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994 (t); Brooker, 976 F.3d at 234 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (emphasis in original) (quoting 28 U.S.C. § 994 (t)). While Curry's efforts at rehabilitating himself are commendable and should continue, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release. See United States v. Steele, No. 3:19-cr-65-VLB-2, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) (finding that "because the other claimed circumstances are unpersuasive and unsupported, [defendant's] rehabilitation cannot be considered an extraordinary and compelling reason"); United States v. Richiez-Castillo, 00-CR-54-RJA, 2021 WL 1746426, at *6 (W.D.N.Y. May 4, 2021) (finding that rehabilitation could not be considered an extraordinary and compelling reason for sentence reduction in the absence of other grounds).

Accordingly, for all of the reasons stated above, this Court finds that Curry has failed to demonstrate circumstances, viewed in isolation or in combination, that constitute an extraordinary and compelling reason for a sentence reduction.

### 3. Consideration of the § 3553 (a) Factors

Even if Curry had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are outweighed by consideration of the § 3553 (a) factors and that Curry's original sentence would be severely undermined by a sentence reduction. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors). The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

Here, Curry conspired to traffic large quantities of cocaine throughout Western New York for almost a decade. He arranged for the delivery of substantial quantities of cocaine into Buffalo, New York, and organized and managed the subsequent sale and distribution of that cocaine using five or more individuals, realizing hundreds of thousands of dollars. See Presentence Investigation Report, Docket No. 249, ¶ 12. He also managed this operation during a period of incarceration within the conspiracy timeframe. Id. The provable drug quantity was between 15 and 50 kilograms of cocaine. Id.

For this long-standing criminal activity, this Court imposed a 300-month sentence. This is a fair, just, and reasonable sentence which, in this Court's view, would be severely

undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant. See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities. Id. Accordingly, this Court finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4. Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, even if Curry had demonstrated extraordinary and compelling reasons for a sentence reduction that are not outweighed by consideration of the § 3553 (a) factors (which he has not), this Court would find that a sentence reduction is not consistent with U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2). This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

Curry is a Criminal History Category VI and has multiple weapons and controlled substances convictions. See Presentence Investigation Report, ¶¶ 33-36. He dealt in substantial drug-trafficking activities for years, and had this case gone to trial, the government intended to prove that Curry was involved in the murders of James Thomas and Manse Hall. See Docket No. 106, pp. 26-34. As it was, the government presented evidence of Curry's involvement in Thomas's murder at sentencing, though this Court found the evidence insufficient to warrant an upward departure from the Guidelines. See Docket No. 211. Curry also engaged in the Continuing Criminal Enterprise while on supervised release. See Presentence Investigation Report, ¶ 38. Based on this history,

and the fact that criminal justice oversight fails to deter Curry's criminal behavior, this Court finds that Curry poses a danger to the community if released.

**B.     Curry's request for a sentence reduction under Section 404 of the First Step Act of 2018 is denied.**

Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018), makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, 2372 (2010).  Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012).  Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine.  See id.

The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed.  First Step Act, § 404 (b).  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010.  First Step Act, § 404 (a).

To be eligible for relief under the First Step Act, a defendant must have been convicted of a "covered offense" committed before August 3, 2010.  Under the plain language of the Act, whether an offense is a "covered offense" is determined by examining the statute that the defendant violated.  See First Step Act, § 404 (a); United States v. Davis, 961 F.3d 181, 187 (2d Cir. 2020) (holding that "it is the statute under which a defendant was convicted, not the defendant's actual conduct, that determines

12

whether a defendant was sentenced for a "covered offense" within the meaning of Section 404 (a)"). If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

Here, Curry's request must be denied for two reasons. First, as this Court previously found in denying Curry's first motion for First Step Act relief, see Docket No. 293, Curry was not convicted of a "covered offense" and is therefore not eligible for relief under the First Step Act. See, e.g., United States v. Smith, Case No. 04-80857, 2020 WL 3790370, at *6-8 (E.D. Mich. July 7, 2020) (finding that a conviction under 21 U.S.C. § 848 (a) is not a "covered offense" under the First Step Act). Second, the denial of Curry's previous motions, which was subject to complete review on the merits, precludes his present request. See First Step Act, § 404 (c) (precluding subsequent motions under the First Step Act if a previous First Step Act motion was denied after complete review on the merits). Curry's request for relief under the First Step Act is therefore denied.

## IV. CONCLUSION

For the reasons stated above, Curry's requests for a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) and Section 404 of the First Step Act of 2018 are denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Curry's "Motion to Reinstate Petition for Compassionate Release and Reduction of Sentence under the First Step Act of 2018" (Docket No. 304) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to mail a copy of this decision to Curry at his correctional institution of record.

SO ORDERED.

Dated:   November 9, 2021
         Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge